**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTIRCT OF IOWA**
**DAVENPORT DIVISION**

| | | |
|---|---|---|
| **MAHARISHI FOUNDATION USA, INC.,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:16-cv-19 |
| | ) | |
| v. | ) | |
| | ) | **COMPLAINT OF TRADEMARK** |
| **TIFFANY LOVE** | ) | **INFRINGEMENT** |
| | ) | |
| Defendant. | ) | **AND JURY DEMAND** |
| | ) | |

Plaintiff MAHARISHI FOUNDATION USA, INC., (the "Foundation"), for its complaint against Defendant TIFFANY LOVE, states:

## NATURE OF THE ACTION

In this action, Plaintiff asserts against the Defendant Tiffany Love a trademark infringement claim pursuant to the federal Lanham Act. The claim arises from the Defendant's unlawful use in advertising her services of a trademark that is confusingly similar to the Plaintiff's federally registered trademark. Plaintiff seeks preliminary and permanent injunctive relief barring Defendant from using the "Transcendental Meditation" trademark (and any mark confusingly similar to the Transcendental Meditation trademark) and damages arising from such use.

## PARTIES

1.Plaintiff, the Foundation is an Iowa non-profit corporation with its principal place of business in Fairfield, Iowa.

2.Tiffany Love is a citizen and resident of Walnut, California.

## JURISDICTION AND VENUE

3.This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. §1121 and 28 U.S.C. §§ 1331, 1332, and 1338.

4.Jurisdiction is proper under 28 U.S.C. § 1331 because the claim in this case arises under the laws of the United States.  In particular, jurisdiction is proper under 28 U.S.C. § 1338(a) and 15 U.S.C. § 1121 with respect to claims arising under the provisions of the federal Lanham Act.

5.Jurisdiction over the claim is proper under 28 U.S.C. § 1332 because this case involves a dispute between citizens of different states (Iowa for the Foundation and California and for Tiffany Love) where the matter in controversy exceeds $75,000, exclusive of interest and costs.

6.This Court has personal jurisdiction over the Defendant who intentionally attempted to obtain pecuniary advantage from Plaintiff, and such intentional actions were expressly aimed at Plaintiff in Iowa with the intent to cause Plaintiff harm, the brunt of which was suffered, and which Defendant knew was likely to be suffered in Iowa.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 in that the events giving rise to the claims occurred in the Southern District of Iowa, and Defendant is subject to personal jurisdiction in this Court.

## STATEMENT OF FACTS

8. The Foundation is the owner of various trademarks including, without limitation, "TRANSCENDENTAL MEDITATION".

9. The Foundation's TRANSCENDENTAL MEDITATION trademark has been used continuously in commerce in connection with educational services related to teaching meditation since at least 1965.

10. The rights supported by such use of the TRANSCENDENTAL MEDITATION trademark and the goodwill associated therewith inure to the benefit of the Foundation.

11. As a result of such advertising and promotion, the TRANSCENDENTAL MEDITATION trademark has become well-known and widely accepted and respected by the consuming public and in the trade. As a further result of such advertising and promotion, the TRANSCENDENTAL MEDITATION trademark is distinctive, identifying goods emanating only from the Foundation and symbolizing extremely valuable goodwill.

12. The Foundation is the licensee with sole right to enforce the United States Trademark Registration No. 1,082,923 on the Principal Register maintained by the United States Patent and Trademark Office for its TRANSCENDENTAL MEDITATION trademark.

13. On April 2, 1984, the Trademark Office deemed the TRANSCENDENTAL MEDITATION trademark incontestable in response to an affidavit filed by the owner under Lanham Act § 15; 15 U.S.C. § 1065. The incontestable determination means that the validity of the registration, as well as the owner's ownership of the TRANSCENDENTAL MEDITATION trademark and its exclusive right to the use the TRANSCENDENTAL MEDITATION trademark in commerce is conclusively presumed under 15 U.S.C. § 1115(b).

14. The Foundation advertises services under the TRANSCENDENTAL MEDITATION trademark in many places online, including through its website at www.tm.org and on YouTube at:

www.youtube.com/user/meditationchannel.

15. Services identified by the TRANSCENDENTAL MEDITATION trademark relate to teaching meditation which is predominantly carried out by licensees of the TRANSCENDENTAL MEDITATION trademark who have been approved and authorized by the Foundation to teach meditation under the TRANSCENDENTAL MEDITATION trademark throughout the United States

16. The TRANSCENDENTAL MEDITATION trademark is famous in the United States, in Iowa, and throughout the world, and became famous long prior to Defendant' first unauthorized use of a trademark confusingly similar to the Foundation's TRANSCENDENTAL MEDITATION trademark.

17. On December 3, 2013, Defendant Tiffany Love published on her YouTube channel, Positive Magazine, a video titled *10 Minute Guided Transcendent Meditation*. The Infringing Video can be found online at, [https://www.youtube.com/watch?v=xoYnqvadurg](https://www.youtube.com/watch?v=xoYnqvadurg), (the "Infringing Video")

18. The stated purpose and subject matter of the Infringing Video is to assist viewers with meditation.

19. Defendant, Tiffany Love, is using the term "Transcendent Meditation" (the "Infringing Mark") as a trademark for her services.

20. The Infringing Mark is similar in sight, sound and appearance to the Foundation's TRANSCENDENTAL MEDITATION trademark.

21. The Infringing Video, in addition to being published on YouTube, can be purchased online at iTunes and other locations.

22. The Foundation and Tiffany Love are direct competitors with respect to offering the teaching of meditation.

23. Several consumers who have viewed the Infringing Video left comments thanking Ms. Love for teaching them "TM".

24. "TM" is an acronym for Transcendental Meditation used by the Foundation and commonly understood by the relevant consuming public as such, and is also a federally registered trademark used by the Foundation for its services.

25. The Infringing Video has been viewed by 487,409 times on YouTube.

26. When the term "Transcendental Meditation" is searched for in YouTube, the Infringing Video is the third result.

27. Persons interested in learning about the Foundation's services are likely to find the Infringing Video; as a result, the Foundation is losing customers.

28. Defendant, Tiffany Love adopted, advertised, and used the Infringing Mark in connection with the promotion and sale of services online for the purposes of: (i) trading on the goodwill and reputation of the Foundation; (ii) capitalizing on the money spent by the Foundation in advertising and promoting its services; and (iii) misleading the purchasing public into believing that Ms. Love's services are legitimately connected with, sponsored, or approved by the Foundation.

29. Plaintiff, through its legal counsel, has repeatedly tried to resolve this dispute with Defendant, Tiffany Love. Plaintiff sent at least three correspondences to Defendant through YouTube's email messaging feature, a letter by email and mail on October 23, 2014, and hired a process server to physically serve her with another letter on July 9, 2015. Defendant made it explicitly clear that she will not remove the Infringing Video.

30. Defendant's ongoing conduct in continuing to advertise her services under the Infringing Mark is a willful infringement of the TRANSCENDENTAL MEDITATION trademark.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT

31.     The Foundation incorporates by reference paragraphs 1-30 of this Complaint as if set forth in full here.

32.     Defendant, Tiffany Love's aforesaid acts constitute trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. §1114(1).

33.     The aforesaid acts of Defendant, Tiffany Love will be greatly and irreparably damaging to the Foundation unless enjoined by this Court, as a result of which the Foundation is without an adequate remedy at law.

WHEREFORE, the Foundation respectfully prays that:

a)     Defendant, Tiffany Love be preliminarily and permanently enjoined from the following acts:

    1.     Using, in the advertisement, promotion, offering for sale, or sale of products or the promotion the Infringing Mark or any other colorable imitation of the TRANSCENDENTAL MEDITATION trademark, including, without limitation, using any term in connection with mediation that begins with the prefix, "TRANS".

    2.     Expressly or impliedly representing herself to customers, potential customers, or the public to be affiliated in any way with the Foundation in connection with the sale, offering for sale, distribution, advertising, or promotion of any products or services; and

7

        3.    Representing by words or conduct that Defendant, Tiffany Loves' business or any products or service provided, offered for sale, sold, advertised, or rendered by Tiffany Love is authorized, sponsored, or endorsed by or otherwise connected with the Foundation.

b) The Infringing Video (*10 Minute Guided Transcendent Meditation*) published under the name "Positive Magazine Meditation Relaxation Inspiration" and found online at,

    https://www.youtube.com/watch?v=xoYnqvadurg,

be immediately removed from publication.

c) Defendant, Tiffany Love be required to account for and pay over to the Foundation all damages suffered by the Foundation and all profits wrongfully derived by Defendant as a result of its trademark infringement;

d) Defendant, Tiffany Love be required to pay over to the Foundation three times the actual damages sustained by the Foundation.

e) Defendant, Tiffany Love be required to pay over to the Foundation the reasonable attorneys' fees and costs incurred by the Foundation in the prosecution of this action;

f) Defendant, Tiffany Love be required, in accordance with 15 U.S.C. §1116, to file with this Court and serve on the Foundation within thirty (30) days from the date of entry of any injunction a report in writing, under oath, setting

forth in detail the manner and form in which Tiffany Love has complied with the terms of the injunction; and

g) The Foundation have such other and further relief as the Court deems just and equitable.

## JURY DEMAND

The Foundation hereby demands trial by jury of all issues in the present cause so triable.

/s/ Mark L. Zaiger
MARK L. ZAIGER                              AT0008655
JASON R. SYTSMA                             AT0009728
          for
SHUTTLEWORTH & INGERSOLL, P.L.C.
115 3rd Street SE, Suite 500, P.O. Box 2107
Cedar Rapids, IA 52406
PHONE:     (319) 365-9461
FAX:          (319) 365-8443
mlz@shuttleworthlaw.com
jrs@shuttleworthlaw.com

ATTORNEYS FOR PLAINTIFF MAHARISHI FOUNDATION USA, INC.